Jeffrey Williams
Reg. #08119-062
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC
          29512-5220

Pro Se Plaintiff

**FILED**

**NOV 2 2 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

\*\*\*\*\*

| | |
|---|---|
| JEFFREY DAN WILLIAMS, §<br>§<br>    Plaintiff, §<br>§<br>vs. §<br>§<br>§<br>HARELY G. LAPPIN, §<br>KATHLEEN H. SAWYER, & §<br>UNITED STATES OF AMERICA, §<br>§<br>    Defendants. § | CASE NUMBER   1:06CV01998<br><br>JUDGE: Gladys Kessler<br><br>DECK TYPE: Pro se General Civil<br><br>DATE STAMP: 11/22/2006<br><br>Civil Complaint pursuant to<br>Title 28 U.S.C. §§ 1331,<br>2201, 2202, Bivens & the<br>Federal Tort Claims Act |

JURY ACTION

---

CIVIL COMPLAINT

INTRODUCTION

1. COMES NOW, Jeffrey Dan Williams, pro se Plaintiff in the above styled action,
hereby respectfully asserting that the following Civil Complaint states a "cause
of action" for which relief could and should be granted, as required to state a
valid claim, and it demonstrates that genuine issues of material fact exists as
required under Title 28 U.S.C. § 1915A (the Prison Litigation Reform Act (PLRA))
that precludes summary dismissal.

2. Plaintiff is suing the Defendants in their individual and their professional
capacities, for $5 million in compensatory damages, $250,000.00 in punitive, all
fees and costs, and for declaratory and injunctive relief for violations of the
Plaintiff's constitutional rights.

**RECEIVED**

OCT 2 7 2006

3. Plaintiff, as indicated in, <u>Taylor v. United States Prob. Office</u>, 409 F.3d

426, 429 (D.C. Cir. 2005), requests the Court to "remain mindful that complaints filed by pro se plaintiffs... are 'held to less stringent standards than formal pleadings drafted by lawyers.'" Quoting, Haines v. Kerner, 404 U.S. 519, 520, 30 L.Ed.2d 652, 92 S. Ct. 594 (1972).

4. Plaintiff requests that the Court "assume the truth of the allegations made and construe them favorably to the pleader." Flynt v. Rumsfeld, 355 F.3d 697, 702 (D.C. Cir. 2004). Citing, Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L.Ed.2d 90, 94 S. Ct. 1683 (1974), where the Supreme Court stated that the "issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

## JURISDICTION

5. "The original jurisdiction of the district court includes jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' 28 U.S.C. § 1331." Pinney v. Nokia, Inc., 402 F.3d 430, 443 (4th Cir. 2005). And the Federal Tort Claims Act (FTCA).

6. Additionally, "[s]ee Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 29 L.Ed.2d 619, 91 S. Ct. 1999 (1971)(authorizing a claim for damages resulting from the unconstitutional conduct of federal officials acting under color of federal law)." J.S. v. Isle of Wight County Sch. Bd., 402 F.3d 468 (Footnote 15)(4th Cir. 2005).

7. Plaintiff has fully and properly exhausted all administrative remedies, as a prerequisite for the Court's jurisdiction in this matter, as required by the Prison Litigation Reform Act (PLRA)(28 U.S.C. § 1915A).

## VENUE

8. Venue is proper because the Court has subject matter jurisdiction over the issues presented, and personal jurisdiction over the Defendants, as explained below.

## LIST OF PARTIES

9.  Plaintiff, Jeffrey Dan Williams, is a citizen of the United States and a legal resident of Tulsa, Oklahoma, who is currently incarcerated in the Federal Bureau of Prisons (BOP) at FCI Bennettsville, P.O. Box 52020, Bennettsville, South Carolina 29512-5220.

10. Defendant, Harley G. Lappin, is a citizen of the United States who resides in the District of Columbia and is currently employeed by the United States Government as the Director of the Federal Bureau of Prisons (BOP), with a business address of 320 1st Street, N.W., Washington, D.C. 20534.

11. Defendant, Kathleen H. Sawyer, is a citizen of the United States who was previously employed as the Director of the Federal Bureau of Prisons (BOP), with a business address of 320 1st Street, N.W., Washington, D.C. 20534. The Defendant Sawyer's current address is unknown.

12. Plaintiff hereby respectfully reserves the right to add additional Defendants and Plaintiffs as necessary to a fair resolution of this action.

## STATEMENT OF FACTS

13.  On September 23rd, 1997, Plaintiff was arrested on various drug and firearm related offenses and Plaintiff has remained in custody since that date.

14.  In January of 1999, Plaintiff, after pleading guilty and being sentenced on the drug and firearm  charges, was sent to federal prison at USP Beaumont, Texas where Plaintiff was exposed to the dangerous effects of Environmental Tobacco Smoke (ETS)(Second-Hand-Smoke), on a daily bases.  Defendant Sawyer was the Director of the Bureau of Prisons (BOP) at that time and had authorized the use of tobacco products within the federal prison system in Program Statement 1640.03.

15.  In February of 2000, Plaintiff was transferred to FCI Beaumont (Medium), where Plaintiff was exposed to ETS (Second-Hand-Smoke) on a daily bases until Plaintiff's transfer to FCI Bennettsville, South Carolina on October 2nd, 2005,

which is a no-smoking facility.

16. On March 29th, 2001, Beaumont Medium issued a Program Statement BMM 1640.03C, that states in part in paragraph 7, that:

> Smoking is permitted outside of buildings except in the immediate vicinity of a doorway, or on any stairway. Primary consideration is given to keeping entrance/egress areas free from excessive congestion, and ensuring staff and inmates are not subjected to second-hand smoke while entering and exiting buildings.

See, Exhibit "A," attached hereto.

17. Program Statement BMM 1640.03C, also states in paragraph 8, that:

> "Inmates are prohibited from possessing matches, lighters, or any device capable of ignighting a flame. Lighting devices are provided at various locations for inmate use."

See, Exhibit "A," attached hereto.

18. The records prove that, even though inmates were prohibited from smoking in "the immediate vicinity of a doorway," the lighting devices were located next to the Unit doorways, and the doorways to the dinning hall, the commissary, facilities, UNICOR, the Barber Shop, Education, the Chapel and Medical Service, which are all located on the sidewalks next to the buildings where Plaintiff was required to walk to and from any of those location which caused Plaintiff to be exposed to second-hand-smoke on a daily basis, even outside.

19. Inmate routinely walked up and down the sidewalks smoking which caused the non-smokers to walk in a literal cloud of smoke.

20. Subsequently, the lighting devices were removed from the side of the buildings next to the doorways, and inmates were allowed to purchase battery powered lighters, which allowed them to smoke any place that wanted to, and was in violation of BMM 1640.03C, which prohibited the possession of lighting devices.

21. After inmates were allowed to purchase and possess lighting devises, the smoking areas were moved away form the buildings to further out on the sidewalks

where Plaintiff was required to walk past to and from work, meals, medical, and any other place such as the commissiary and recreation.

22.  During the time frame, from January of 1999, until Plaintiff's transfer on October 2nd, 2005, even though smoking was prohibited in the buildings, smoking was conducted in all areas without regard for the rules which caused Plaintiff to be exposed inside the Unit, and the smoke would come through the air vents at night while Plaintiff was locked in his room and slept.

23.  Initially the smoking policy, Program Statement 1640.03, was apporved by Defendant Sawyer who was the previous Director of the Bureau of Prisons (BOP), which allowed smoking in the federal prison system.

24.  On March 15th, 2004, the new Director of the Bureau of Prisons (BOP), Defendant Lappin, issued a new Program Statement P1640.04, Smoking/No Smoking Areas, that continued to authorize smoking in federal prisons, and states in part:

> "On January 7, 1993, the Environmental Protection Agency (EPA) officially endorsed a report by an outside panel of scientific advisers to the agency, which states that:
>> 'exposure to second-hand cigarette smoke causes lung cancer in adults and greatly increases the risk of respiratory illness in children.'"

See, Exhibit "B," attached hereto.

25.  Clearly, based on the January 7th, 1993, report endorsed by the EPA, the Defendants either knew, or reasonably should have known that exposure to ETS (Second-Hand-Smoke) causes cancer and other illnesses, yet the Defendants continued to allow the sale and use of tobacco products in the federal prison system, which is a closed environment which automatically exposed Plaintiff, and other non-smokers to the deadly effects of Second-Hand-Smoke.

26.  On September 30th, 2004, Plaintiff submitted a Tort Claim, pursuant to the Federal Tort Claims Act (FTCA), requesting damages in the amount of

$10,000.00 a day for each day of Second-Hand-Smoke exposure or $1 million, because prison officials, the Defendants, knowingly and intentionally and with reckless disregard for Plaintiff's health and safety, allowed the sales and use of tobacco products in federal prisons, thereby causing Plaintiffs exposure, which is the standard Plaintiff must meet to establish deliberate indifference under, <u>Helling v. McKinney</u>, 509 U.S. 25, 125 L.Ed.2d 22, 113 S. Ct. 2475 (1998).  See, Exhibit "C," attached hereto.

27. According to the District of Columbia Circuit Court, "[t]o establish a violation of the Eighth Amendment's cruel and unusual punishment clause, the prisoner had to prove 'deliberate indifference' on the part of the prison authorities... That is, they had to show that the officials were 'knowingly and unreasonably disregarding an objectively intolerable risk of harm' to the prisoner's health or safety." <u>Franklin v. District of Columbia</u>, 163 F.3d 625, 636 (D.C. Cir. 1998)(Citing, Helling, 509 U.S. at 35).

28. Federal Bureau of Prisons (BOP) Program Statement 1320.06, Federal Tort Claims Act, states in part that:

> "Under the Federal Tort Claims Act (FTCA), the government may
> be liable for the negligent or wrongful acts or omissions of
> its employees while acting within the scope of their employment."

See, Exhibit "D," attached hereto.

29. On March 18th, 2005, the Federal Bureau of Prisons South Central Regional Counsel, Michael Hood, Denied Plaintiff Tort Claim, stating in part that:

> "...any constitutional claims raised in your claim are not
> cognizable under the FTCA. Therefore, your claim is denied.
> If you are not satisfied with this decision, you have six
> months from the date of this letter in which to file a
> lawsuit in the appropriate United States District Court."

See, Exhibit "E," attached hereto.

30. On May 24th, 2005, Plaintiff filed a Civil Complaint  in regards to the

denial of the Tort Claim. See, Exhibit "F," attached hereto. The Civil Complaint will be further explained below under Related Case.

31. On July 24th, 2005, Plaintiff initiated his admintrative grievance process requesting $5 million in compensatory damages, $2 million in punitive, and for $10,000.00 a day, for each additional day of Second-Hand-Smoke exposure, as required by the Prison Litigation Reform Act (PLRA) and the Supreme Court ruling in, Porter v. Nussle, 534 U.S. 516, 152 L.Ed.2d 12, 122 S. Ct. 983 (2002). See, Exhibit "G," attached hereto.

32. On August 26th, 2005, Counselor J. Wilson, responded to Plaintiff's grievance by stating in part that:

> "It is unfortunate that inmates do not adhere to the rules and regulations set forth by the Bureau of Prisons, and continue to smoke in unathorized areas. We as staff have realized that this is an ongoing problem, and we have increased our disciplinary sanctions against those violaters with lose of several privileges to include disciplinary segregation. In closing, all compensation request shall be filed through the tort claim process."

See, Exhibit "H," attached hereto.

33. On August 27th, 2005, Plaintiff submitted his Request for Administrative Remedy (BP-9) to the Warden reiterating his complaint and request for monetary compensation. See, Exhibit "I," attached hereto.

34. On September 2nd, 2005, the Warden issued his response to Plaintiff's BP-9, by stating in part that:

> "...in the last year (February 2004 thru February 2005) over 57 inmates have received incident reports for violating this policy... effective November 1, 2005, FCC Beaumont (Medium) will become a tobacco-free institution... In response to your request for monetary relief, the Adminstrative Remedy process is not the proper venue to request compensation."

See, Exhibit "J," attached hereto.

35.  On September 15th, 2005, Plaintiff submitted his Regional Administrative Appeal (BP-10), putting the Federal Bureau of Prisons (BOP) on notice that he has already filed a Civil Complaint based on the denial of Plaintiff's Tort Claim, and that in order to comply with the Prison Litigation Reform Act (PLRA), Plaintiff was exhausting his administrative remedies in regards to his Second-Hand-Smoke exposure claim.  See, Exhibit "K," attached hereto.

36.  On September 30th, 2005, the Regional Director, G. Maldonado, Jr., issued his response to Plaintiff's BP-10, which states in part that:

> "We have throughly reviewed your appeal. We find the Warden
> adequately responsed to your complaint and we affirm his
> response."

See, Exhibit "L," attached hereto.

37.  On October 13th, 2005, Plaintiff submitted his timely Central Office Administrative Remedy (BP-11), to the Washington, D.C. Central Office, that states in part that:

> "The region's response does nothing more than avoid and evade
> the problem addressed in my original filings, and this
> administrative appeal. The facts are clear, because Bureau of
> Prisons officials allowed the sales and use of tobacco products
> in a confined institution I was constently exposed to (ETS).
> The (BOP) officials either knew, or reasonably should have
> known, that the inmate smoking population would not comply
> with the smoking policies. Therefore, the (BOP) officials
> exhibisted a deliberate indifference and a reckless disregard
> to my right to be free from the effects of (ETS)."

See, Exhibit "M," attached hereto.

38.  On December 19th, 2005, the Administrator of National Inmate Appeals, Harrell Watts, issued his final response to Plaintiff's BP-11, stating in part that:

> "With regard to your request for compensation, Title 28,

> Code of Federal Regulation § 543.31 identifies those
> individuals entitled to file a Federal Tort Claim.
> Only through this avenue can you pursue claims for
> monetary relief. The Administrative Remedy process
> is not the proper mechanism."

See, Exhibit "N," attached hereto.

39.  As demonstrated above, Plaintiff has fully exhausted his Federal Trot Claim

Act (FTCA) remedies, and his federal prison Administrative Remedies, as required

to place the Defendant and the government on proper notice of this suit and to

be allowed to proceed with this Civil Complaint.

40.  On November 1st, 2005, after Plaintiff was transferred from FCI Beaumont,

Texas to Bennettsville, South Carolina because hurricaine Rita caused the FCI

in Beaumont, Texas to temporarily close, Defendant Lappin apparently implimented

a smoke-free policy throughout the entire federal prison system banning the sales

and and use of tobacco products within the federal prison system, which is, in

and of itself, an admission that the previous smoking policy was ineffective.

41.  As the record reflects, Plaintiff was exposed to ETS (Second-Hand-Smoke)

from January of 1999 to October 2nd, 2005, which caused Plaintiff pain and

suffering, because of a chrinoc sinus condution, and caused Plaintiff to

develope a serious chronic heart condition that Plaintiff has suffered, and

is currently suffering from.

42.  Plaintiff asserts that the previous smoking policies were partially

motivated by monetary concerns, because the profit on tobacco sales in the

federal prison system was so great.  The Bureau of Prisons made millions

over the years from tobacco sales alone, without regard for Plaintiff's

health and safety and the health and safety of other inmates.

## RELATED CASE

43.  As stated above, on May 24th, 2005, after Plaintiff exhausted his Federal

Tort Claim Act (FTCA) remedies, Plaintiff filed a Civil Complaint against the government and Defendant Lappin, in the United States District Court for the Northern District of Oklahoma, Tulsa. Civil No. 05-CV-0287-JHP-FHM. See, stamped filed front page of Civil Complaint, Exhibit "F," attached hereto.

44. On September 29th, 2006, the Honorable District Court Judge, James H. Payne, in the Northern District of Oklahoma, entered an Order of Dismissal, that states in part, on page 3, that:

> "The complaint (Dkt. #1) is dismissed without prejudice for improper venue."

See, Exhibit "O," attached hereto.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

45. Based on the facts and circumstances as discussed above, it is Plaintiff's position that the Defendants knowingly, intentional and with reckless disregard to Plaintiff's (and other inmates) health, safety and life, authorized smoking in a contained, closed and secure prison invironment where Plaintiff was held against his will and by force, which meets the standards for deliberate indiference to Plaintiff's federally protected constitutional rights.

46. The Defendants either knew, or reasonably should have known that the cancer causing effects of ETS (Second-Hand-Smoke) posed a serious health threat to the Plaintiff and yet the Defendants promoted the use of tobacco products in the federal prison system by authorizing the sale and use of tobacco products and lighting devises to prisoners, which caused Plaintiff's daily exposure to the dangerous effects of ETS (Second-Hand-Smoke) which has caused Plaintiff some very serious medical problems.

47. Therefore, Plaintiff is suing the Defendants for $5 million in compensatory damages for his past, present and future pain and suffering and emotional distress.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

48. In order to send a message to the Defendants that their unconstitutional

conduct is unacceptable and to help ensure that the Defendants do not engaged in this same type of conduct in the future, Plaintiff is suing the Defendants for $250,000.00 each in punitive damages.

49. The District of Columbia Circuit Court in, Kolstad v. ADA, 139 F.3d 958, 965 (D.C. Cir. 1998), agreed that "'a jury may be permitted to assess punitive damages in an action... when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" Quoting, Smith v. Wade, 461 U.S. 30, 56, 75 L.Ed.2d 632, 103 S. Ct. 1625 (1983).

50. Plaintiff asserts that, at a minimum, the Defendants conduct "involves reckless or callous indifference to the federally protected rights of others," as required to assess punitive damages in this case.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

51. Plaintiff is requesting declaratory and injuntive relief under Title 28 U.S.C. §§ 2201 and 2202, requiring the Defendants to provide Plaintiff with an essessment of his serious heart condition conducted by a specialist that is independent and not part of the Federal Bureau of Prisons (BOP) HMO.

52. For 7 years Plaintiff has been attempting to have the prison doctors take Plaintiff to an outside doctor where Plaintff can have a stress EKG on a treadmill, and the prison doctors have refused the requested testing and attempt to regulate Plaintiff's heart condition with blood pressure medication.

53. Plaintiff would like the proper tests run to determine the extent of the damage and if there is anything that can be done to correct the damage. As it stands, Plaintiff is experiencing fatigue, shortness of breath and pain in his legs due to the heart condition.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

54. Plaintiff, in anticipation of being the prevailing party, is requesting all

fees and costs in connection with this action, including but not limited to, all possible attorney fees if this matter proceeds to trial, expert witness fees and the other related costs of filing and serving this action.

### PLAINTIFF'S JURY TRIAL DEMAND

55. Plaintiff hereby respectfully demands a jury trial in this action, because Plaintiff has established a cause of action for which relief could and should be granted, and established that genuine issues of material fact exists that preclude summary dismissal.

### CONCLUSION

56. Plaintiff asserts that, because his Civil Complaint states a cause of action and shows genuine issues of material facts, the Court should allow Plaintiff's Civil Complaint to proceed, and require the Defendants to file an answer to all the allegations in the Complaint within thirty (30) days from the date of service.

Respectfully submitted,

_Jeff Williams_

Jeffrey Dan Williams

## CERTIFICATE OF SERVICE

I, Jeffrey Dan Williams, pro se Plaintiff in the foregoing Civil Complaint, filed pursuant to Title 28 U.S.C. §§ 1331, 2201, 2202, Bivens and the Federal Tort Claims Act (FTCA), hereby certify that I have mailed, by way of the United States mail, with postage prepaid, the original and four copies of said Civil Complaint, with supporting exhibits, the required Summons Forms and Process Receipt and Return, for each Defendant, and the In Forma Pauperis Application, to the Court for filing and service, at the following address:

Clerk of the Court
U.S. District Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001-2866

on this 12th day of October, 2006.

It should be noted that the Defendants will be served with stamped filed copies of the Civil Complaint, once the Complaint is filed.

Jeffrey Dan Williams
Reg.  #08119-062
FCI Bennettsville
P.O.  Box  52020
Bennettsville, SC 29512-5220

EXHIBIT    "A"

BMM 1640.03C
March 29, 2001
Page 2

6. <u>NO SMOKING AREAS</u>: Smoking is prohibited at all times inside all buildings at FCI (Medium) Beaumont, unless that area is specifically designated as a Smoking Area, and appropriate signs are posted. Smoking or open flames are forbidden in any area which has flammable liquids, gases, or vapors, as well as any area which may contain a concentration of readily combustible materials. This includes, but is not limited to, Paint Shops and painting projects, Carpenter Shops and any area containing sawdust, or any hazardous waste storage area. Smoking is forbidden by any person working with or around any gasoline powered equipment, or any area where such equipment is stored or serviced.

All housing units and program areas are specifically designated as No Smoking Areas. Inmates may not smoke in the common areas or individual living quarters in any unit. Staff may not smoke inside the housing units.

The Special Housing Unit has been designated as a smoke-free environment, and inmates may not smoke in this area. However, staff may step outside into the S.H.U. recreation area if they wish to smoke while working that post.

The Visiting Room has been designated as a smoke-free environment. Inmates and visitors may not smoke in these areas, and no tobacco products may be brought into the visiting room by either inmates or their visitors.

7. <u>DESIGNATED SMOKING AREAS</u>: Smoking is permitted outside of buildings except in the immediate vicinity of a doorway, or on any stairway. Primary consideration is given to keeping entrance/egress areas free from excessive congestion, and ensuring staff and inmates are not subjected to second-hand smoke while entering and exiting buildings.

Because staff working in the Control Center may not leave the area, smoking may be permitted in that area, subject to the preferences of non-smoking staff assigned there at any given time. This includes staff who may be in the Control Center for a short period of time (required maintenance, assisting key control, etc.). Smokers are required to properly extinguish smoking materials and ensure the removal of smoking materials from the area at the end of their shift.

8. <u>LIGHTING DEVICES</u>: Inmates are prohibited from possessing matches, lighters, or any device capable of igniting a flame. Lighting devices are provided at various locations for inmate use.

9. <u>ACTION</u>: A copy of this supplement shall be filed with P.S. 1640.03, Smoking/No Smoking Areas, at FCI (Medium) Beaumont, and a copy will be forwarded to the South Central Regional Health Systems Administrator. It is effective upon issuance.

**FILED**

NOV 2 2 2006

_____
//signed//
Jonathon Dobre, Warden

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>OFFICE OF PRIMARY RESPONSIBILITY</u>:   Unit Management

06 1998

E X H I B I T    "B"



**U.S. Department of Justice**
Federal Bureau of Prisons

"CORRECTED COPY 3/22/2004"

# Program Statement

| | |
|---|---|
| **OPI:** | HSD/SAF |
| **NUMBER:** | P1640.04 |
| **DATE:** | 3/15/2004 |
| **SUBJECT:** | Smoking/No Smoking Areas |

**Rules Effective:** July 15, 2004

1. [<u>PURPOSE AND SCOPE §551.160</u>.  **To advance towards becoming a clean air environment and to protect the health and safety of staff and inmates, the Bureau of Prisons will restrict areas and circumstances where smoking is permitted within its institutions and offices.]**

The Agency recognizes the right to negotiate issues pertaining to this policy consistent with the Master Agreement, statute, case law, and/or regulation

Medical and public health authorities have established the hazards of tobacco smoke.  Of particular concern are the risks posed to nonsmokers by passive inhalation of environmental tobacco smoke (ETS).  The Surgeon General has long concluded that scientific research indicated that second-hand tobacco smoke is a cause of lung disease in otherwise healthy nonsmokers.

On January 7, 1993, the Environmental Protection Agency (EPA) officially endorsed a report by an outside panel of scientific advisers to the agency, which stated that:

> "exposure to second-hand cigarette smoke causes lung cancer in adults and greatly increases the risk of respiratory illness in children."

The Bureau recognizes that when smokers quit smoking, they may face physical discomfort, weight gain, and stress related difficulties; however, these symptoms may be lessened with the appropriate interventions of a smoking cessation program.  According to the Centers for Disease Control and Prevention, many people who quit smoking relapse.

**[Bracketed Bold - Rules]**
Regular Type - Implementing Information

06 1998

**FILED**

NOV 2 2 2006

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB No. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Bureau of Prisons<br>South Central Region<br>4211 Cedar Springs Rd. Suite 300<br>Dallas, TX 75219 | Jeffrey Dan Williams #08119-062<br>F.C.I. - Medium<br>P.O. Box 26040<br>Beaumont, TX 77720 |

| 3. TYPE OF EMPLOYMENT<br>MILITARY ☐ CIVILIAN ☐ | 4. DATE OF BIRTH<br>4/26/60 | 5. MARITAL STATUS<br>N/A | 6. DATE AND DAY OF ACCIDENT<br>Ongoing | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

I am requesting $10,000.00 a day for the last two years of my incarceration and every day hereafter, because prison staff has knowingly and intentionally or with reckless disregard for my health and safety, cause my exposure to secondhand cigarette smoke, which states a claim for which relief can be granted. "Prison personal's exposure of inmate to environmental tobacco smoke held to form proper basis of claim for relief under... Eighth Amendment." <u>Helling v. McKinney</u>, 125 L.Ed.2d 22 (1993).

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Ongoing (preventable) exposure to secondhand cigarette smoke.

| 11. | | WITNESSES | |
|---|---|---|---|
| | NAME | | ADDRESS *(Number, street, city, State, and Zip Code)* |
| Larry J. Cullum<br>Reg. #48858-080 | | F.C.I. - Medium<br>P.O. Box 26040<br>Beaumont, TX 77720 | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>$10,000.00 a day | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)*<br>$1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)*<br>X *[signature]* | 13b. Phone number of signatory<br>N/A | 14. DATE OF CLAIM<br>9/30/04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |
|---|---|

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

06 1998
**FILED**

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E X H I B I T    "D"

**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** OGC
**NUMBER:** 1320.06
**DATE:** 8/1/2003
**SUBJECT:** Federal Tort Claims Act

1.  **[PURPOSE AND SCOPE** §543.30. **Pursuant to the Federal Tort Claims Act, a claim for money damages for personal injury or death and/or damage to or loss of property must be filed against the United States by the injured party with the appropriate Federal agency for administrative action. General provisions for processing administrative claims under the Federal Tort Claims Act are contained in 28 CFR part 14. The provisions in this subpart describe the procedures to follow when filing an administrative tort claim with the Bureau of Prisons.]**

Under the Federal Tort Claims Act (FTCA), the government may be liable for the negligent or wrongful acts or omissions of its employees while acting within the scope of their employment.

Inmate work-related claims are not compensable under the FTCA's provisions. Such claims should be processed under the Inmate Accident Compensation Act, 28 CFR 301.301 - 301.317.

Most federal employee work-related claims are also not paid under the FTCA's provisions. Work-related personal injury or death claims are processed under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 - 8193. Work-related personal property claims are processed under the Military and Civilian Employees Claims Act (CECA), 31 U.S.C. § 3721, or under the Bureau of Prisons Claims Act (BOPCA), 31 U.S.C. § 3722, unless the claim involves government negligence.

2.  **SUMMARY OF CHANGES.** This Program Statement is revised to increase the settlement amounts for the Regional Counsels and the General Counsel.

**[Bracketed Bold]** - Rules
Regular Type - Implementing Information

*06 1998*

FILED

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E X H I B I T    "E"



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

---

**DATE MAILED: MAR 1 8 2005**
**Certified Receipt: 7004-1160-0000-3257-9546**

*4211 Cedar Springs Road*
*Dallas, Texas 75219*

---

Jeffrey Williams
Register Number 08119-062
Federal Correctional Complex - Medium
P.O. Box 26040
Beaumont, Texas 77720-6040


Re:    Administrative Tort Claim No. TRT-SCR-2005-00136

Dear Mr. Williams:

This is in response to your request for administrative settlement under the Federal Tort Claims
Act (FTCA), Title 28 U.S.C. §§ 2671 et seq., and authority granted by Title 28 C.F.R. § 0.172.
You seek monetary damages in the amount of $1 million for personal injury based upon your
alleged exposure to second hand smoke while you were at the Federal Correctional Complex,
Medium Security Institution, Beaumont, Texas (FCC Beaumont - Medium) from "the last two
years of incarceration and every day hereafter."

As a preliminary matter, under 28 U.S.C. § 2401(b), a tort claim against the United States shall
be forever barred unless it is presented in writing to the appropriate Federal agency within two
years after such claim accrues. Your claim was receipted in the South Central Regional Office
for the Federal Bureau of Prisons on October 6, 2004. Therefore, no allegations made prior to
October 6, 2002, will be considered in this response.

Investigation of your claim revealed staff took appropriate measures to alleviate Environmental
Tobacco Smoke at the institution. There was nothing to suggest you sustained a compensable
injury caused by the negligent or wrongful act or omission of any Bureau of Prisons employee
acting within the scope of his or her employment. Additionally, any constitutional claims raised
in your claim are not cognizable under the FTCA. Therefore, your claim is denied.

If you are not satisfied with this decision, you have six months from the date of this letter in
which to file a lawsuit in the appropriate United States District Court.

Sincerely,

Michael D. Hood
Regional Counsel

MDH/tvh

06 1998

**FILED**

NOV 2 2 2006

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Jeffrey Dan Williams
Reg. #08119-062
F.C.I. - Medium
P.O. Box 26040
Beaumont, TX 77720

**FILED**

MAY 2 4 2005

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

\* \* \* \* \*

| | |
|---|---|
| JEFFREY DAN WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| ALBERTO GONZALES, | ) |
| & HARLEY LAPPIN, | ) |
| Defendants. | ) |

**05CV0287 JHP-FHM**

Civil No. _____

Civil Complaint pursuant to
Title 42 U.S.C. §§ 1983 and
1988(b), 28 U.S.C. §§ 1331,
2201, 2202 & 2401(b)

CIVIL COMPLAINT

INTRODUCTION

1.  **COMES NOW,** Jeffrey Dan Williams, pro se Plaintiff in the above styled action,
hereby respectfully asserting that the following Civil Complaint will establish
that Plaintiff has stated a "cause of action" for which relief could and should
be granted as required under Title 42 U.S.C. § 1983, to state a valid claim, and
genuine issues of material fact exists as required under Title 28 U.S.C. § 1915A
(the Prison Litigation Reform Act (PLRA)), that precludes summary dismissal.

2.  Plaintiff is suing the Defendants in the individual and professional capacity
for $5 million in compensatory damages, $1 million for each Defendant in punitive
relief under Title 42 U.S.C. § 1983 and 28 U.S.C. § 1331, attorney fees and costs
under Title 42 U.S.C. § 1988(b), and declaratory and injunctive relief under Title
28 U.S.C. §§ 2201 & 2202.

3.  Plaintiff requests that the Court construe this Civil Complaint liberally because

**FILED**

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**

'**FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| **Mr. Wilson, Counselor** | **July 24th, 2005** |
| FROM: | REGISTER NO.: |
| **Williams, Jeffrey Dan** | **08119-062** |
| WORK ASSIGNMENT: | UNIT: |
| **Law Library** | **NB** |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

    **Based on the fact that prison staff is unable to control smoking in unauthorized
areas, including but not limited to: (1) the dorms/Units; (2) doorways; (3) stairs;
(4) sidewalks; and (5) in front of the commissary – barber shop – laundry – UNICOR –
education – psychology and pill line, I am respectfully requesting that all tobacco
product sales, possession and use be stopped and prohibited, and that I be awarded
$5 million in compensatory damages, $2 million in punitive, and $10,000 a day for
each additional day of exposure, because prison staff either know or reasonably should
know, based on P1640.04, page 1, that "exposure to second-hand cigarette smoke causes
lung cancer in adults..." See, Helling v. McKinney, 125 L.Ed.2d 22 (1993), where the
Supreme Court held that "exposure of inmate to environmental tobacco smoke held to
form basis of claim for relief under... Eighth Amendment."**

(Do not write below this line)

DISPOSITION:

*See Attached response.*

06 1998

| Signature Staff Member | Date |
|---|---|
| | **8/26/05** |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**FILED**

NOV 22 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Printed on Recycled Paper

Williams, Jeffrey
Reg. No. 08119-062
Unit NB

FCC Beaumont (Medium)
August 26, 2005

This is in response to your Inmate Request To Staff Member dated July 24, 2005, in which you requested to have all tobacco sales, usage, and possession be prohibited. Also, you wish to be compensated five million dollars in compensatory damages, two million dollars in punitive damages, and ten thousand dollars a day for each additional day you are exposed to second hand smoke.

The facility is currently in the process of becoming a smoke free institution with all tobacco sales to stop in the month of September 2005, and to be completely tobacco free by November 1, 2005.

It is unfortunate that inmates do not adhere to the rules and regulations set forth by the Bureau of Prisons, and continue to smoke in unauthorized areas. We as staff have realized that this is an ongoing problem, and we have increased our disciplinary sanctions against those violators with lose of several privileges to include disciplinary segregation.

In closing, all compensation request shall be filed through the tort claim process.

I hope this response has addressed your concerns.

Note: This BP-S148 serves as the start of the Administrative Remedy Process.

_____
J. Wilson, NB Counselor

06 1998

**FILED**

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. DEPARTMENT OF JUSTICE
· Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Williams, Jeffrey Dan**          **08119-062**          **NB**     **F.C.I. Beaumont, TX**
       LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST**

Counselor Wilson informed me that the attached response to my Request to Staff will also suffice as a response to a BP-8, and that I should proceed with the instant BP-9. According to the Prison Litigation Reform Act (PLRA), I am required to exhaust all of my administrative remedies, even if the remedy is not available, before I can proceed with a Civil Complaint. As explained in the attached Request to Staff, because program statement P1640.04, states that "exposure to second-hand cigarette smoke causes lung cancer in adults..." prison staff and the Attorney General, Alberto Gonzales, his predecessor John Ashcroft, and the Director of the Federal Bureau of Prisons (BOP), Harley Lappen, either knew, or reasonably should have known, that allowing the sales and use of tobacco products, would expose me, and others, to the dangerous cancer causing effects of second-hand cigarette smoke. Especially when considering the fact that the Supreme Court has held that "exposure of inmate to environmental tobacco smoke held to form basis of claim for relief under... Eighth Amendment." Helling v. McKinney, 125 L.Ed.2d 22 (1993). Therefore, I am seeking $5 million in compensatory damages, $2 million in punitive damages, and an injunction prohibiting the sales and use of tobacco products in the federal prison system. See attached "Study: Secondhand smoke costs billions," from the USA Today, on August 18th, 2005.

August 27th, 2005
_____
DATE

~~Jeff Williams~~
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

**06 1998**

**FILED**

NOV 2 2 2006

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____                    _____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

__ **ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                                     CASE NUMBER: _____

**Part C– RECEIPT**

Return to: **Williams, Jeffrey Dan**          **08119-062**          **NB**     **F.C.I. Beaumont, TX**
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: **Second-hand smoke**

_____                    _____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)

EXHIBIT "J"

**FEDERAL CORRECTIONAL COMPLEX, BEAUMONT, TEXAS**
**MEDIUM SECURITY CORRECTIONAL INSTITUTION**
**PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #387074-F1**

This responds to your Request for Administrative Remedy in which you claim, by selling of tobacco and tobacco products, the Bureau of Prisons (BOP) has caused you to be exposed to second-hand smoke. As relief, you request the BOP pay you compensatory damages for your exposure to second-hand smoke.

An investigation of this matter reveals that smoking has never been allowed within any building at FCC Beaumont (Medium). This has been continually enforced and re-enforced by staff and supported by the Administration. For example, on February 17, 2004, a memorandum regarding the policy pertaining to smoking in prohibited areas was posted in each unit and on the 'Warden's Corner' bulletin board. All staff members have been instructed to enforce this policy through the disciplinary process. In fact, in the last year (February 2004 thru February 2005) over 57 inmates have received incident reports for violating this policy.

Furthermore, during the Duty Officer's and Safety Department's inspections of the housing units, they have been instructed to deduct points from the unit's sanitation score when evidence of smoking in the unit is discovered. This is being done to further detour those inmates who disregard our policy. Finally, effective November 1, 2005, FCC Beaumont (Medium) will become a tobacco-free institution.

In response to your request for monetary relief, the Administrative Remedy process is not the proper venue to request compensation.

Based on the above information, this Administration and its staff are making every effort to enforce the smoking policy. This response to your request for Administrative Remedy is for informational purposes.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, South Central Region, 4211 Cedar Springs Road, Suite 300, Dallas, Texas 75219. Your appeal must be received in the South Central Regional Office within 20 calendar days of the date of this response.

06 1998

_____
Date                                    Steve Morris, Warden

**FILED**

NOV 2 2 2006

**NANCY** MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

U.S. Department of Justice                          **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Williams, Jeffrey Dan Williams | 08119-062 | NB | F.C.I. Beaumont, TX |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

Although I have already filed a Civil Complaint, after the denial of my TROT claim for monetary compensation, because of my exposure to environmental second-hand tobacco smoke, in order to comply with the Prison Litigations Reform Act's (PLRA) exhaustion requirements, I am completing my administrative remedy process. In addition to the attachments, I would like to point out that my complaint is not that smoking is allowed in the buildings, my complaint is that the inmates do not comply with the no smoking rules, and the administration is clearly aware of that fact, yet they continue to allow the sales and use of tobacco products in this confined environment, which in turn causes me to be exposed to second-hand smoke on a daily basis, which is a violation of my Eighth Amendment rights. I have been advised that as of November 1st, 2005, federal prisons will be "tobacco-free." That is progress, but it still does not negate the fact that I have been wrongfully exposed to the dangerous effects of second-hand smoke for the last 7 years, while in federal prison, and it does not relieve the administration of their liability.

September 15th, 2005
_____                     _____
DATE                                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

06 1998

# FILED

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

| _____ | _____ |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

| Return to: | Williams, Jeffrey Dan | 08119-062 | NB | F.C.I. Beaumont, TX |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: Second-hand smoke exposure

FCI BENNETTSVILLE, SC
WARDEN'S OFFICE

WILLIAMS, Jeffrey    Reg. No. 08119-068 2005 OCT 17 AM 7:32 FILED: 09-19-05

387074-R1         PART B-RESPONSE


You are appealing the Warden's denial of your complaint staff
are not adequately enforcing the non-smoking policy.

We have thoroughly reviewed your appeal.  We find the Warden
adequately responded to your complaint and we affirm his
response.  Program Statement 1640.03, <u>Smoking/No Smoking Areas</u>,
states institutions will be separated into smoking and non-
smoking areas sufficient to accommodate all non-smokers.

Staff are vigilant in their efforts to ensure inmates do not
smoke in non-smoking areas and adhere to established smoking
regulations.  Smoking is banned in all indoor areas of the
institution.  However, it is the responsibility of individual
inmates to adhere to established smoking regulations.  Inmates
who violate smoking regulations are subject to disciplinary
sanctions.  Furthermore, should you encounter inmates who are
smoking in non-smoking areas, you should make staff aware of
those violations.  A review of your concerns regarding possible
safety violations at the institution reveals current institution
practices and procedures are in compliance with policy. 06 1998

Based on the above information, your appeal is denied.

In the event you are dissatisfied with this response, you may
appeal to the Bureau of Prisons, Administrative Remedy Section
320 First Street, N.W., Washington, D.C. 20534.  Your appeal
must  be received in that office within 30 days from the date of
this response.

**FILED**

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_09/30/05_
Date

G. Maldonado, Jr.
Regional Director


SENSITIVE - LIMITED OFFICIAL USE

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Williams, Jeffrey Dan__ _____ __08119-062__ ___ __B4__ ___ __F.C.I. Bennettsville__
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**

    I received the reginoal director's response to my BP-10 on October 11th, 2005, through the institution mail.  As required by the Prison Litigation Reform Act (PLRA), I am exhausting my administrative remedies in regards to my repeated exposure to the dangerous effects of cancer causing Environmental Tobacco Smoke (ETS), i.e., Second-hand Smoke.  The region's response does nothing more than avoid and evade the problem addressed in my original filings, and this administrative appeal.  The facts are clear, because Bureau of Prisons (BOP) officials allowed the sales and use of tobacco products in a confined institution I was constently exposed to (ETS).  The (BOP) officials either knew, or reasonably should have known, that the inmate smoking population would not comply with the smoking policies.  Therefore, the (BOP) officials exhibited a deliberate indifference and a reckless disregard to my right to be free from the effects of (ETS). See, Graham v. Gunter, No. 93-1186 (10th Cir. 1993); Clemmons v. Bohannon, 956 F.2d 1523 (10th Cir. 1992); Fuller v. Myers, No. 04-3210 (10th Cir. 2005); and, Loftin v. Dalessandri, 242 F.3d 389 (10th Cir. 2001).  Therefore, it is without question that the (BOP) officials who allowed the sales and use of tobacco products in prison are libable for their unconstitutional actions.

__Ocotber 13th, 2005__ _____ _____
       DATE                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

06 1998

# FILED

NOV 2 2 2006

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____                    _____
     DATE                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE              CASE NUMBER: __387074.11__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                        CASE NUMBER: _____

Return to: __Williams, Jeffrey Dan__ _____ __08119-062__ ___ __B4__ __F.C.I. Bennettsville__
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: __Second-hand smoke exposure.__

_____
     DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                  BP-231(13)
                                                 APRIL 1982

**Administrative Remedy No. 387074-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you claim exposure to second-hand smoke is detrimental to your health, and staff do not prevent inmates from violating the prohibitions. You seek $7 million in compensatory and punitive damages, and an injunction against the Bureau of Prisons prohibiting the sales and use of tobacco products in institutions.

As the Warden noted in his response, your institution has converted to a tobacco-free institution, meaning all areas in the institution are designated as non-smoking. Based on our information, staff address violations of institutional rules consistently and in accordance with Program Statement 5270.07, Inmate Discipline and Special Housing Units.

You did not provided ample information in support of your complaint. Should you be experiencing any health concerns, we encourage you to seek the attention of medical services using their sick call procedures.

With regard to your request for compensation, Title 28, Code of Federal Regulation § 543.31 identifies those individuals entitled to file a Federal Tort Claim. Only through this avenue can you pursue claims for monetary relief. The Administrative Remedy process is not the proper mechanism.

We note current practices and procedures comply with policy. The Bureau of Prisons continues to implement appropriate measures and programs for maintaining safe and heathy environments within which prisoners may serve their sentences. The Bureau will continue to hold accountable those inmates who violate institutional rules and infringe upon the rights of others.

Accordingly, your appeal is denied.

06 1998

December 19, 2005
Date

Harrell Watts, Administrator
National Inmate Appeals

FILED

NOV 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

JEFFREY DAN WILLIAMS,   )
          )
    Plaintiff,   )
          )
v.         )  Case No. 05-CV-0287-JHP-FHM
          )
ALBERTO GONZALES; and  )
HARLEY LAPPIN,    )
          )
    Defendants.  )

### ORDER OF DISMISSAL

On May 24, 2005, Plaintiff, a prisoner presently in custody at FCI-Bennettsville, P.O. Box 52020, Bennettsville, South Carolina, 29512, and appearing *pro se*, filed a civil complaint (Dkt. # 1). Plaintiff paid the filing fee in full (Dkt. # 3). Presently before the Court are Plaintiff's request for extension of time to effect and verify service (Dkt. # 22), request for service of process pursuant to Rule 4(d) (Dkt. # 26), and request for resolution (Dkt. # 33). Also before the Court is a motion to dismiss filed by Defendants Alberto Gonzales and Harley Lappin (Dkt. # 24). For the reasons set forth below, the Court finds that venue is not proper in this judicial district, and that, therefore, this action should be dismissed without prejudice. Accordingly, Defendants' motion to dismiss shall be granted and Plaintiff's pending motions shall be declared moot.

Plaintiff, a federal prisoner, brought this action against Alberto Gonzales, Attorney General of the United States of America, and Harley Lappin, Director of the Federal Bureau of Prisons, alleging constitutional violations arising from his exposure to second-hand tobacco smoke while he was incarcerated at the Federal Correctional Institution in Beaumont, Texas. Plaintiff asserts

**06 1998**

**FILED**

NOV 2 2 2006


NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

jurisdiction pursuant to both 42 U.S.C. § 1983 and 28 U.S.C. § 1331. See Dkt. # 1 at 1.

As the Court's jurisdiction for this action is not founded solely on diversity of citizenship, the applicable venue statute provides as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). There is no applicable law with regard to venue which would exempt this case from the general provisions of 28 U.S.C. § 1391(b). Coleman v. Crisp, 444 F.Supp. 31 (W.D. Okla. 1977); D'Amico v. Treat, 379 F.Supp. 1004 (N.D. Ill. 1974). Here, the Plaintiff is an inmate currently housed in North Carolina. The Defendants reside in Washington, D.C. In addition, the events giving rise to Plaintiff's claims arose in Beaumont, Texas. Since no defendant resides in the territorial jurisdiction of this district and none of the events giving rise to Plaintiff's claims occurred in this district, it is clear that venue is not proper in this judicial district. Therefore, this case should be dismissed without prejudice. 28 U.S.C. § 1406(a). Defendants' motion to dismiss shall be granted based on improper venue. Further, in light of the dismissal, Plaintiff's pending motions shall be declared moot.

Plaintiff may pursue his claims in the District Court where venue is proper as long as he files his complaint within the applicable statute of limitations.

2

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     Defendants' motion to dismiss (Dkt. # 24) is **granted**.

2.     The complaint (Dkt. # 1) is **dismissed without prejudice** for improper venue.

3.     Plaintiff's request for extension of time to effect and verify service (Dkt. # 22), request for service of process pursuant to Rule 4(d) (Dkt. # 26), and request for resolution (Dkt. # 33) are **declared moot.**

4.     This is a final order terminating this action.


DATED THIS 29th day of September 2006.



James H. Payne
United States District Judge
Northern District of Oklahoma

3

06-1998
GK

JS-44
(Rev.l/05 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS

JEFFREY D. WILLIAMS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~8888~~
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 08119-062

## DEFENDANTS

HARLEY G. LAPPIN, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER   1:06CV01998

JUDGE: Gladys Kessler

DECK TYPE: Pro se General Civil

DATE STAMP: 11/22/2006

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

⊗ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ⊗ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**No Summons Issued**

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC 1346

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** ☒ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 11.22.06    SIGNATURE OF ATTORNEY OF RECORD    *WCD*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



\forms\js-44.wpd