UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Jeffrey Dan Williams,**          :
                                   :
           **Plaintiff,**           :
       v.                          :          Civil Action No. 06-1998 (GK)
                                   :
**Harley G. Lappin *et al.*,**      :
                                   :
           **Defendants.**          :

**TRANSFER ORDER**

      This action filed *pro se* and *in forma pauperis* is before the Court on its initial review of the complaint.  Plaintiff is a prisoner currently incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina.  He sues the United States, current Bureau of Prisons ("BOP") Director Harley G. Lappin and former BOP Director Kathleen Hawk Sawyer under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), for his alleged excessive exposure to second-hand smoke during his confinement at the United States Penitentiary in Beaumont, Texas.  "Any civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b).  In addition, a *Bivens* claim may be prosecuted in the judicial district where the defendant resides or where "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b).

      To the extent that Plaintiff is suing the individual defendants in their individual capacity, he has not provided an address where they may be personally served with process.  *See Simpkins v.*

*District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("[D]efendants in *Bivens* actions must be served as individuals, pursuant to Rule 4(e)" of the Federal Rules of Civil Procedure). The events giving rise to the complaint are alleged to have occurred at the federal facility in Beaumont, Texas. Therefore, this judicial district is not the proper venue for litigating Plaintiff's claims. Rather than dismiss the case, the Court finds it in the interests of justice and judicial economy to transfer it to the judicial district where it could have been properly brought. Accordingly, it is

      ORDERED that pursuant to 28 U.S.C. § 1406(a), this case is **transferred** to the United States District Court for the Eastern District of Texas.

January 8, 2007

/s/
GLADYS KESSLER
U.S. District Judge