UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
*****

| | | |
|---|---|---|
| JEFFREY DAN WILLIAMS, | § | |
| Plaintiff, | § | |
| vs. | § | Civil No. 06-1998(GK) |
| HARLEY G. LAPPIN, et. al., | § | |
| Defendants. | § | |

RECEIVED
JAN 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OBJECTIONS TO TRANSFER ORDER

COMES NOW, the undersigned pro se Plaintiff in the above styled action, hereby respectfully requesting that this Honorable Court vacate its January 5th, 2007, Transfer Order and allow Plaintiff's Civil Complaint to proceed in this Court for the reasons discussed below.

The named defendants, Harley G. Lappin and Kathleen H. Sawyer, are the parties responsible for signing and authorizing the smoking policies that allowed smoking in federal prisons and caused Plaintiff's exposure. Both defendant's reside and are citizens of the District of Columbia where this suit was filed. Plaintiff has sued the defendants in their individual, personale capacities, and in their professional capacity which includes the United States of America under the Federal Tort Claims Act (FTCA). Therefore, the District of Columbia is the proper venue to litigate this Civil Complaint, because it was not the many Wardens that happened to be running the institution were Plaintiff was housed that signed and authorized the smoking policies, it was the defendants in this action.

On January 12th, 2007, Plaintiff sent an informal letter to the Court objecting to the Transfer Order (a copy of which is attached hereto) but the Clerk of the Court rejected the letter because it was not in the proper motion form. Plaintiff thanks the Clerk for the opportunity to correct that error.

(1)

Plaintiff asserts that it was also an error for the Court to enter a Transfer Order without giving Plaintiff notice and an opportunity to work something out with the Court to correct the error. As Plaintiff explained in his January 12th, 2007, letter to the Court, which is attached hereto, Plaintiff "provided the defendants only known (business) address." Plaintiff does not have, and cannot obtain, the defendants personal addresses without the assistance of the Court.

The Court pointed out in its Transfer Order that "Any civil action on a tort claim against the United States... may be prosecuted only in the judicial district where <u>the plaintiff resides</u> or wherein the act or ommission complained of occurred. 28 U.S.C. § 1402(b)." Plaintiff resides in Tulsa, Oklahoma where he originall filed this Civil Complaint, against the defendants, which was dismissed for improper venue. This caused Plaintiff to refile the Civil Complaint where the defendants reside and to pay the filing fee again. It is Plaintiff's position that if his Civil Complaint is transferred to where <u>the plaintiff resides</u>, where he has paid the filing fee, Tulsa, Oklahoma, then the filing fee Plaintiff paid in this Court should be refunded because the Civil Complaint should not have been dismissed by the Tulsa, Oklahoma federal Court, which caused Plaintiff to refile in this Court.

However, it is Plaintiff's position that his Civil Complaint was filed in the proper court against the proper defendants and the Court should assist Plaintiff with effecting service on the defendants or in obtaining a waiver of service from the defendants pursuant to the Federal Rules of Civil Procedures, Rule 4(e), which states in part that:

> "...service upon an individual from whom a waiver has not been obtained and filed... may be effected... by delivering a copy of the summons and the complaint to the individual personally or..."

Plaintiff provided the defendants business address on the summons forms and the Process Receipt and Return forms, which, according to Rule 4(e) is sufficient for service, because Rule 4(e) states that the summons and complaint can be

(2)

delivered "to the individual personally," which can be effective at any address, including the business address Plaintiff provided, and Rule 4(e) indicates that "or" the summons can be delivered to the individual's home and left with an authroized representative. Clearly, the business address is sufficient to either obtain a waiver or serve "the individual personally."

It is Plaintiff's position that the Court should allow Plaintiff's Civil Complaint to proceed in the defendants professional capacties, and effect service, and obtain a waiver of service at that time, which will allow the Civil Complaint to proceed in the defendants personal and individual capacities.

Or on the alternative, the Civil Complaint should be transferred to where it was originally filed, the United States District Court in Tulsa, Oklahoma, where Plaintiff is a legal residence and as indicated in Title 28 U.S.C. § 1402(b).

Plaintiff contends that once the Court allows Plaintiff to proceed in the defendants professional capacities in this Court, Plaintiff will be able to file Motions for Production and Discovery that will result in Plaintiff obtaining the defendants personal and private addresses where the Court can serve them or send the Waiver of Service forms, as required by Rule 4(e).

Clearly, transferring the Civil Complaint to the Eastern District of Texas is not the only option, and it will prejudice Plaintiff be errecting additional hurdles for Plaintiff to overcome, and Plaintiff would subsequently obtain the defendants addresses through Motions for Production and Discovery and have the defendants served in their individual capacities, which would require the Court in the Eastern District of Texas to transfer the Civil Complaint back to the District of Columbia.

In the interest of judicial economy and in the interest of fundamental fairness, the Court should allow Plaintiff to proceed in this Court and assist Plaintiff with the service process because the Court is fully aware of the difficulties a pro se prisoner has with effecting service pursuant to Rule 4.

(3)

Plaintiff's Civil Complaint should be allowed to proceed in this Court and the Court should make every effort to assist Plaintiff in that area because Plaintiff has demonstrated that a cause of action and genuine issues of material fact exists that precludes summary dismissal against the defendants. See original Complaint, and supports Plaintiff's position that he should be allowed to proceed in this court, so Plaintiff can obtain either a waiver or the defendants personal capacities.

## CONCLUSION

Wherefore, Plaintiff prays that this Honorable Court will grant Plaintiff the relief he is requesting above, and grant Plaintiff an extention to time to either obtain a waiver from the defendants, with the Court's assistance, or obtain the defendants personal addresses through Motions for Production and Discovery, so the Court will have the defendants personal addresses for service.

Respectfully submitted,

_____
Jeffrey Dan Williams

CERTIFICATE OF SERVICE

I, Jeffrey Dan Williams, the undersigned pro se Plaintiff in the foregoing Plaintiff's Objections to Transfer Order, hereby certify that I have mailed, by way of the United States mail, with postage prepaid, the original and two true and correct copies of said Objections to the following:

Clerk of the Court
U.S. District Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

and one copy to each of the following:

United States Attorney
U.S. District Courthouse
333 Constitutional Ave, N.W.
Washington, D.C. 20001
/
Alberto R. Gonzales, Attorney General
Main Justice Building, Room 5111
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20430-2000
and
Harley G. Lappin &
Kathleen H. Sawyer
320 1st Street, N.W.
Washington, D.C. 20534

on this 27th day of January, 2007.

Jeffrey Dan Williams
Reg.  #08119-062
FCI Bennettsville
P.O. Box   52020
Bennettsville, SC
         29512-5220

(5)

January 12th, 2007

Jeffrey Dan Williams
Reg. #08119-062
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC
29512-5220

Clerk of the Court
U.S. District Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

Re: Jeffrey Dan Williams v. Harley G. Lappin, et. al., Civil No. 06-CV-1998-GK.

Dear Madam/Sir:

I am in receipt of the Court's January 5th, 2007, Transfer Order, transfering my Civil Complaint to the United States District Court for the Eastern District of Texas. I would like my objections to the transfer to be made part of the record. It appears that my Civil Complaint was transfered because I did not provide an address for the two defendants to be served in their individual capacity.

First, the Court failed to provide me with notice and an opportunity to correct that error. Second, I provided the defendants only known (business) address. It should be noted that the defendants are public officials and their personal addresses are not readily available to prisoners, which puts prisoners at an unfair disadvantage in any Civil Complaint. Just the fact that a prisoner is seeking a personal address of a public official could be considered suspect, which is one of the reasons these public officials addresses are so guarded. And another reason, I'm sure is, to frustrate service of process against these public officials in their individual capacities. The process is far from fair. The Court refered to Rule 4(e) and the service requirement for individuals. What the Court has overlooked is the fact that Rule 4(e) also has a provision for waiver of service. Because I asked the Court to serve the defendants, and am paying the filing fee, why didn't the Court send a waiver of service form to each defendant rather than transferring

the Civil Complaint? The transfer effectively dismisses the Civil Complaint against the defendants in their individual capacities. It is well established that every effort should be made to avoid dismissal when the Civil Complaint states a cause of action and establishes that ginuene issues of material fact exists that preclude dismissal.

I wanted to make these objections part of the record for appellate purposes in the future. Thank you for your time and help with this matter.

Respectfully,

*Jeffrey Dan Williams*
Jeffrey Dan Williams